**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **LAURENCE LOVEJOY, #N52404,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-CV-00021-SMY** |
| | ) | |
| **JACQUELINE LASHBROOK,** | ) | |
| **KIMBERLY BUTLER,** | ) | |
| **JOHN BALDWIN,** | ) | |
| **DOUG LYERLA,** | ) | |
| **MISTI L. PRICE,** | ) | |
| **H. PRICE,** | ) | |
| **J. CLENDENIN,** | ) | |
| **R. VALLEROY,** | ) | |
| **KELLY PIERCE,** | ) | |
| **LARISSA WANDRO,** | ) | |
| **LORI OAKLEY, and** | ) | |
| **SHERRY BENTON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Laurence Lovejoy, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts claims for violations of his rights in the grievance process under the First, Eighth, and Fourteenth Amendments. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests

1

money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in his Complaint: IDOC and "Menard Correctional Center prison officials" violated Plaintiff's rights under the First, Eighth, and Fourteenth Amendments. (Doc. 1, p. 11). Menard has a policy or custom of making it difficult to obtain grievance forms, making the grievance process unavailable to Plaintiff. (Doc. 1, pp. 11-12, 33). This impairs and restricts Plaintiff's right to file grievances. *Id.* Plaintiff has started acquiring grievance forms from the John Howard Association of Illinois to have adequate access to the grievance process. *Id.* Defendants have failed to accept, respond, investigate, and process his grievances. (Doc. 1, pp. 14, 27-28).

The warden has failed to provide final decisions in writing as required by 20 Ill.Admin. Code § 504.830(d). (Doc. 1, pp. 13-14, 26, 64, 66). This makes an appeal unavailable within the grievance system and makes it difficult to file lawsuits. *Id.* Plaintiff alerted the Administrative Review Board ("ARB") to this problem and they have done nothing. (Doc. 1, pp. 14, 24, 28). He also wrote to the director about his issues with the grievance process at Menard. (Doc. 1, pp. 14, 25).

Plaintiff has been denied the reasonable opportunity to use the grievance system compared to the opportunities afforded other prisoners at Menard. (Doc. 1, p. 15). He is treated differently than similarly situated prisoners. *Id.* "Menard['s] policy or custom" is intentionally discriminatory. *Id.*

Plaintiff has chronic migraines and suffers from unbearable, unimaginable, and

unspeakable pain that persists for two to three days. (Doc. 1, pp. 15, 107-108, 113-114). At times, he is unable to read, write, or leave his cell for meals or activities. *Id*. He has been given Ibuprofen 600 mg for the pain, but it does not work. (Doc. 1, pp. 107, 113). He requested sick call on numerous occasions but has not been seen. (Doc. 1, p. 114). Warden Lashbrook was made aware of the lack of treatment by grievances filed on January 2, 2018 and May 10, 2018 and reviewed by her on January 9, 2018 and May 16, 2018, but has taken no action. (Doc. 1, p. 107-108). Defendants' inaction in response to Plaintiff's grievances has resulted in his continued suffering without proper treatment for his migraine headaches. (Doc. 1, pp. 15).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

| | |
|---|---|
| Count 1: | First Amendment claim against Defendants for impairing and restricting Plaintiff's right to file grievances and making the grievance process unavailable to him by making grievance forms unavailable. |
| Count 2: | First Amendment and/or Fourteenth Amendment claim against Defendants for failing to follow IDOC rules and regulations, Illinois administrative procedures and regulations, and 20 Ill.Admin. Code § 504.830(d) by failing to provide a final written decision on grievances making an appeal unavailable to Plaintiff. |
| Count 3: | Fourteenth Amendment claim against Defendants for failing to accept, respond, investigate, and/or process Plaintiff's grievances. |
| Count 4: | Eighth Amendment deliberate indifference claim against Defendants for failing to respond to Plaintiff's grievances seeking help and failing to issue a final decision as required by 20 Ill. Admin. Code § 504.830(d). |
| Count 5: | Fourteenth Amendment equal protection claim against Defendants for denying Plaintiff the reasonable opportunity to use the grievance system compared to other prisoners at Menard. |
| Count 6: | Eighth Amendment deliberate indifference claim against Defendants for taking no action in response to Plaintiff's grievances about the denial of medical care for his severe migraine headaches. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of the Court. The designations do not constitute an opinion regarding their merit. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[1]

## Preliminary Dismissals

Plaintiff makes allegations against IDOC, "Menard Correctional Center prison officials," Menard, and the ARB. These entities are not identified as Defendants in the case caption or list of Defendants. Accordingly, any claims Plaintiff intended to bring against IDOC, "Menard prison officials," Menard, and the ARB are dismissed without prejudice.[2] *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

Additionally, Plaintiff generally refers to "Defendants;" the only individuals identified are the warden and the director (by those labels). Plaintiff is required to associate specific Defendants with specific claims, so that Defendants are put on notice of the claims brought against them and can properly respond to the Complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Merely invoking the name of a potential Defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("plaintiff cannot state a claim against a defendant by including the defendant's name

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[2] Additionally, IDOC, Menard, and the ARB are not subject to suit under Section 1983. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). A *Monell* claim would also fail as it can only be asserted against local government units and not against state agencies. *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

in the caption").  Although they are named as Defendants, there are no allegations in the statement of claim against Doug Lyerla, Misti L. Price, H. Price, J. Clendenin, R. Valleroy, Kelly Pierce, Larissa Wandro, Lori Oakley, and Sherry Benton.  Therefore, they will be dismissed from this action without prejudice.  The remaining Defendants are Jacqueline Lashbrook, Kimberly Butler, and John Baldwin.[3]

Plaintiff also sues Defendants in their individual and official capacities but seeks only monetary damages.  When a plaintiff seeks monetary damages against a state official, he must bring the suit against the official in his or her individual capacity.  *See Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987).  Therefore, to the extent Plaintiff attempts to bring claims against Defendants in their official capacities, those claims are dismissed.

## Discussion

### Counts 1-4

Plaintiff alleges Defendants violated his civil rights by making grievance forms unavailable and by failing to accept, respond, investigate, and/or process his grievances.  He also alleges Defendants failed to follow IDOC rules and regulations and Illinois administrative procedures and regulations, including 20 Ill.Admin. Code § 504.830(d).  He contends that his rights under the First, Eighth, and Fourteenth Amendments have been violated.

### *First Amendment*

Prison grievance procedures are not mandated by the First Amendment.  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).  That said, inmates have the right to

---

[3] It is unclear whether the allegations in the statement of claim against the "chief administrative officer" and the "warden" (Doc. 1, pp. 13-14) are intended against Lashbrook or Butler and so both remain in the case for the preliminary review of the Complaint.

petition the government for redress of grievances, which includes access to the courts to present their complaints. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Here, Plaintiff's access to the courts has not been impeded by the alleged actions, as the unavailability of administrative remedies is not a bar to potential litigants bringing their claims. *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016) ("exhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance").

### Eighth Amendment

The Eighth Amendment's ban on cruel and unusual punishment prohibits the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Plaintiff claims deliberate indifference by Defendants based on their failure to respond to his grievances seeking help and failure to issue a final decision as required by 20 Ill.Admin. Code § 504.830(d). These allegations do not state a claim under the Eighth Amendment.

### Fourteenth Amendment

Prison grievance procedures do not create interests protected by the Due Process Clause. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson*, 538 F.3d 763, 772 & n. 3 (7th Cir.2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996). "Any right to a grievance procedure is a procedural right, not a substantive one." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Further, a federal court does not enforce state law and regulations. *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989); *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). Thus, the alleged failure to process Plaintiff's grievances in accordance with IDOC rules and regulations and Illinois administrative procedures is not actionable under Section 1983.

For the foregoing reasons, Defendants' actions or inactions in handling Plaintiff's grievances do not support a constitutional claim under the First, Eighth, or Fourteenth Amendments. Accordingly, Counts 1, 2, 3, and 4 will be dismissed without prejudice.

**Count 5**

Plaintiff asserts an equal protection claim against Defendants for denying him the reasonable opportunity to use the grievance system compared to opportunities afforded other prisoners at Menard. He alleges that he is treated differently than that of similarly situated inmates and that Menard's policy or custom is intentionally discriminatory. A discrimination claim requires a showing of intentional or purposeful discrimination based on a protected characteristic such as race or gender. *Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996). Even with the liberal construction accorded *pro se* pleadings, Plaintiff fails to allege any "intentional or purposeful discrimination" involving his grievances. Count 5 will therefore be dismissed without prejudice.

**Count 6**

Plaintiff asserts a deliberate indifference claim against Defendants for failing to take action in response to his grievances about the denial of medical care for his severe migraine headaches. He alleges Defendants' inaction allowed him to suffer from severe migraine headaches and that they failed to take reasonable steps to prevent that harm from occurring.

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To state a deliberate indifference claim, an inmate must show (1) he suffered from an objectively serious medical condition; and (2) defendant was deliberately indifferent to a risk of serious harm from

that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that significantly affects an individual's daily activities or involves chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). For purposes of this Order, Plaintiff's alleged severe migraine headaches constitute a serious medical condition.

Generally, the denial or mishandling of a grievance – standing alone – is not enough to violate a constitutional right. *See, e.g., Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). That said, an official may be subject to liability if she "knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996). "Indeed, once an official is alerted to an excessive risk to inmate safety or health through a prisoner's correspondence, 'refusal or declination to exercise the authority of his or her office may reflect deliberate disregard.'" *Id*. at 782. Here, grievances reviewed by Lashbrook could have informed her that Plaintiff had severe migraine headaches that were allegedly not being addressed by the prison medical staff. As such, her alleged lack of inquiry or action regarding Plaintiff's complaints may constitute deliberate indifference.

On the other hand, the Complaint does not indicate that Baldwin or Butler received grievances regarding Plaintiff's claims of denial of medical care. They cannot be held liable based solely on their positions as administrators. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001) (doctrine of *respondeat superior* does not apply to section 1983 actions). Therefore, Count 6 may proceed only against Lashbrook.

### Motion for Appointment of Counsel

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 3). Civil litigants do not

have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). However, under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).

In evaluating whether counsel should be appointed, the Court must examine the *Pruitt* factors and apply them to the specific circumstances of the case. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The Court must ask: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?' *Id.* at 761 (quoting *Pruitt*, 503 F.3d at 654). Plaintiff alleges he has contacted outside legal firms and has been unsuccessful in obtaining an attorney to represent him in this matter. He appears to have made reasonable efforts to retain counsel on his own.

With respect to his ability to pursue this action *pro se*, Plaintiff alleges his imprisonment will limit his ability to litigate his case, he has limited access to the law library, and his case is complex and will likely require expert testimony. (Doc. 3, p. 2). He also alleges his chronic migraine headaches are so serious that, at times, he is unable to read, write, or leave his cell. (Doc. 3, p. 3). The Court finds Plaintiff can proceed *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to try this matter without representation at this time. Further, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged."). Accordingly, the Motion is **DENIED** without prejudice. If Plaintiff has significant difficulty once discovery is

commenced, he may refile his motion.

**Disposition**

**IT IS HEREBY ORDERED** that the Motion for Appointment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that **Counts 1, 2, 3, 4, and 5** are **DISMISSED** without prejudice; Plaintiff's claims against The Illinois Department of Corrections, Menard Correctional Center prison officials, Menard, Administrative Review Board, Kimberly Butler, John Baldwin, Doug Lyerla, Misti L. Price, H. Price, J. Clendenin, R. Valleroy, Kelly Pierce, Larissa Wandro, Lori Oakley, and Sherry Benton are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to TERMINATE these Defendants in the Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that **Count 6** will proceed against Defendant **Jacqueline Lashbrook**. The Clerk of Court shall prepare for **Lashbrook** (individual capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, her last known address. This information shall be used only for sending the forms as directed above or for

formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED:  May 9, 2019**

**s/ Staci M. Yandle_____**
**STACI M. YANDLE**
**United States District Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify Defendant of this lawsuit and serve her with a copy of your Complaint. After service has been achieved, Defendant will enter her appearance and file an Answer to the Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.