IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURENCE LOVEJOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-21-SMY-MAB |
| | ) |
| JACQUELINE LASHBROOK, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mark A. Beatty (Doc. 66), recommending the granting of Defendant Jacqueline Lashbrook's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 26). Plaintiff Laurence Lovejoy filed a timely objection (Doc. 67). For the following reasons, Judge Beatty's Report and Recommendation is **ADOPTED**.

### Background

Plaintiff Laurence Lovejoy, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights occurring while he was incarcerated at Menard Correctional Center (Doc. 1). Specifically, Plaintiff alleges that Defendant Jacqueline Lashbrook was deliberately indifferent to his serious medical needs related to severe migraine headaches. Following threshold review of the Complaint (Doc. 9), Plaintiff is proceeding on an Eighth Amendment deliberate indifference claim against Defendant Lashbrook. Lashbrook has moved for summary judgment

on the basis that Plaintiff failed to exhaust his administrative remedies prior to filing suit (Doc. 26).

## Discussion

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008, Magistrate Judge Mark Beatty conducted an evidentiary hearing regarding Defendant Lashbrook's motion on January 9, 2020 (Doc. 52). He subsequently issued his Report and Recommendation setting forth his findings and conclusions. Judge Beatty found that of the 10 medical care related grievances submitted by Plaintiff, 7 were submitted to the Administrative Review Board ("ARB"), and only 2 of them – dated May 10, 2018 and June 21, 2018 – received responses from the ARB prior to Plaintiff filing this case. He also found that Defendant Lashbrook was not named in either of those grievances and that there is no suggestion in the grievances that Plaintiff was complaining or attempting to complain that Lashbrook was aware Plaintiff was receiving inadequate medical care and approved, condoned, or turned a blind eye as required in *Perez v. Fenoglio*. As a result, Judge Beatty recommends that Defendant Lashbrook's motion be granted and that Plaintiff's claim be dismissed without prejudice for failure to exhaust administrative remedies.

Because Plaintiff filed an objection, the undersigned must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*.

As an initial matter, Plaintiff asserts that Judge Beatty's denial of his request to continue the *Pavey* hearing caused him actual prejudice. Plaintiff requested the continuance because he did not have his paperwork available to him during the hearing (after the hearing was delayed for over 4 hours due to issues with the prison). His request was denied. However, Plaintiff was given an opportunity to supplement the record after the hearing and did so (see Docs. 63 and 64). Therefore, he suffered no prejudice as the result of Judge Beatty's denial of a continuance.

Next, Plaintiff asserts that he filed 10 grievances at the institutional level, and as Warden, Defendant Lashbrook had authority to make the final decision at the institutional level but failed to do so. He argues that because his grievances were "mishandled" at the institutional level, the administrative remedies became unavailable to him. The Prison Litigation Reform Act requires inmates to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that an inmate file grievances and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Further, administrative regulations require that the grievance "contain factual details regarding each aspect of the offender's complaining, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 ILL.ADMIN. CODE § 504.810(c) (2017).

Here, neither of the 2 medical grievances that received responses from the ARB mention Defendant Lashbrook or suggest that she was aware of Plaintiff's alleged inadequate medical care. As such, Plaintiff's May 10, 2018 and June 21, 2018 grievances did not exhaust his administrative remedies as to his claims against Defendant Lashbrook. Like Judge Beatty, the undersigned finds Plaintiff's argument that the grievance process was unavailable to him unpersuasive; the grievance record provided to the Court proves otherwise.

For the foregoing reasons, the Court finds Judge Beatty's factual findings and analysis to be thorough and accurate and **ADOPTS** his Report and Recommendation (Doc. 66) in its entirety. Accordingly, Defendant Lashbrook's Motion for Summary Judgment (Doc. 26) is **GRANTED** and Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.[1] The Clerk is **DIRECTED** to enter judgment accordingly and to close this case.

    **IT IS SO ORDERED.**

    **DATED:** October 27, 2020

                                               **STACI M. YANDLE**
                                               **United States District Judge**

---

[1] Plaintiff also filed a pleading titled, "Motion Objecting to Magistrate Judge Mark A. Beatty and Judge Staci Yandle Committing Plaint Error, Abuse of Discretion, Acting as Advocate for the Defendants, and Undue Delay which Resulted in Actual Prejudice to this Plaintiff by Laurence Lovejoy" (Doc. 68).  In the filing, Plaintiff complains about the Court's handling of the Pavey hearing and his case in general but seeks no specific relief.  As such, the pleading is without legal basis and is therefore **STRICKEN**.